# IN THE COURT OF APPEALS OF IOWA

No. 21-1661
Filed February 16, 2022

**IN THE INTEREST OF N.W.,**
**Minor Child,**

**B.W., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Jason A. Burns, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Zachary D. Crowdes, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Anthony A. Haughton of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by May, P.J., and Schumacher and Badding, JJ.

**MAY, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, N.W. She challenges the statutory grounds authorizing termination and whether termination is in N.W.'s best interest. She also argues we should apply a permissive exception to termination. We affirm.

Our review of termination proceedings is de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

Iowa courts use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We must determine whether: (1) grounds for termination have been established, (2) termination is in the child's best interests, and (3) we should exercise any of the permissive exceptions to termination. *Id.* at 472–73.

The mother's parental rights were terminated under Iowa Code section 232.116(1)(h) (2021). It authorizes termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h). The mother limits her challenge to the last element. It is established when the State demonstrates the child cannot be safely returned to the parent at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

We conclude this requirement is met. The mother has a long history of struggles with schizophrenia. She experiences hallucinations and occasionally believes herself to be a cat. In the year prior to N.W.'s birth, the mother had multiple extended stays for inpatient psychiatric care because she was unable to live safely alone. When N.W. was born, the mother resided at Chatham Oaks, a long-term, inpatient mental-health care facility. N.W. could not return to Chatham Oaks with the mother. Instead, the child was removed from the mother's custody. Since then, the mother has not progressed beyond fully supervised visits. Although the mother did move from Chatham Oaks to a "habilitative home," she still has medical staffing in her home twenty-four hours per day, seven days per week to ensure her daily needs are met. The habilitative home does not allow children. Although the mother has made efforts to secure independent housing, she has been unable to do so. And her efforts to leave the habilitative home are against the advice of her doctor and the home's staff. As the juvenile court found, the mother continues to require "assistance in almost every aspect of her day-to-day life. . . . She has required around-the-clock assistance for several years and has not demonstrated the ability to live independently." Like the juvenile court, we conclude N.W. could not be safely returned to her mother at the time of the termination hearing.

We next consider whether termination is in N.W.'s best interest. *See* Iowa Code § 232.116(2). For many of the same reasons already discussed, we conclude it is. As explained, the mother requires around the clock attention to meet her own basic needs. She is not able to care for a young child independently. And we see no substantial likelihood that the mother will be able to fulfill those duties in the foreseeable future. Meanwhile, N.W. deserves permanency. And as the juvenile court noted, termination "will allow the child to move forward to a permanent home through adoption." Accordingly, we find termination to be in N.W.'s best interest.

Finally, we consider whether to apply a section 232.116(3) exception to termination. Section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing a section 232.116(3) exception rests with the parent. *A.S.*, 906 N.W.2d at 476.

The mother urges termination should not occur because of her close bond with the child. Section 232.116(3)(c) authorizes the court to forgo termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." We acknowledge the relationship the mother has built with N.W. But N.W. has only ever lived in foster care, a placement that appears to be working well for her so far. In any event, we agree with the juvenile court that N.W.'s need for permanency outweighs any bond the mother has built with N.W. *See In re E.H.*, No. 21-0467, 2021 WL 2709486, at *3 (Iowa Ct. App. Jun. 30, 2021). So we decline to apply this permissive exception here.

**AFFIRMED.**